Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7632 | **DATE** | 12/14/2000 |
| **CASE TITLE** | Mark Pickell vs. Records Clerk etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. We grant plaintiff's petition to proceed in forma pauperis, dismiss his claim against the police department, and stay his claim against the records clerk. We will dismiss the claims against the records clerk in 60 days unless plaintiff prior to that date files a pleading indicating that he has claims that survive the state court proceeding or that proceeding remains pending.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | DEC 14 2000 date docketed |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | EO-7 FILED FOR DOCKETING | docketing deputy initials |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 00 DEC 14 PM 2:52 | DEC 14 2000 date mailed notice |
| WAH | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK PICKELL, )
)
    Plaintiff, )
)
vs. ) No. 00 C 7632
)
RECORDS CLERK (UNKNOWN), )
FOREST PARK POLICE DEPT., )
)
    Defendants. )


DEC 14 2000

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark Pickell brings this action against the Forest Park Police Department and an unidentified records clerk, alleging they violated his constitutional rights. Along with his complaint plaintiff has filed an application to proceed *in forma pauperis*. For the reasons set forth below, we grant plaintiff's petition. We must dismiss his claim against the police department, however, and stay his claim against the records clerk until state court proceedings have terminated.

Under 28 U.S.C. § 1915(a) we may authorize a plaintiff to proceed *in forma pauperis* if he is unable to pay the prescribed court fees. Plaintiff's application indicates that he receives $773 per month in disability payments, his only source of funds. Further, he states that he presently has no cash, checking or savings accounts and owns no other assets. On these facts, we find that plaintiff has established his inability to pay court fees.

The inquiry does not end with a finding of indigency. Under 28 U.S.C. § 1915, we must conduct an initial review of the plaintiff's claims and dismiss the action if we find that (1) the action is frivolous or malicious, (2) it fails to state a claim on which relief may be

granted, or (3) petitioner seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The police department claim fails part two.

Plaintiff claims that defendants violated his constitutional rights. He alleges that the police (1) searched his home without a warrant; (2) took his property, failed to inventory it and refused to return it; and (3) refused to disclose paperwork necessary to his defense, including a description of the charges against him and a witness list. These charges implicitly invoke the Fourth Amendment (illegal search), Fourteenth Amendment (property without due process) and Sixth Amendment (nature of charges and confrontation). Although plaintiff does not cite a particular constitutional provision or statute as legal authority, his allegations have the markings of a straightforward section 1983 claim. Therefore, we will construe the complaint as being brought pursuant to 42 U.S.C. § 1983. *See* Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir. 1999) (court should construe *pro se* pleadings liberally).

Plaintiff names the police department as a defendant. Under Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978), to state a § 1983 claim against a municipality or its departments, plaintiff must allege that the constitutional injury at issue resulted from the execution of an official municipal or departmental policy. *See also* Forman v. Richmond Police Dep't, 104 F.3d 950, 965 (7th Cir. 1997). The Seventh Circuit has further defined this to include (1) an express policy; (2) a widespread practice that, although not authorized by an express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) the conduct of a person with final policymaking authority. Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 734-35 (7th Cir.

1994). The complaint does not make any such allegations. In fact, it only refers to the department as the officer's employer. Monell specifically rejected *respondeat superior* liability for municipal departments. See 436 U.S. at 691. To proceed against the department, plaintiff must allege one of the three forms of illegal municipal policies outlined in Baxter.

The other named defendant is an unidentified records clerk. This does state a valid § 1983 claim. But the complaint also refers to an impending court proceeding (cplt., ¶ 3 ("I am supposed to go to court the next day...")). Federal courts may not enjoin an ongoing state prosecution. *See* Younger v. Harris, 401 U.S. 37 (1971). The Seventh Circuit has extended the Younger rule to include not only injunctions, but also federal damages actions that are integrally related to the state court proceedings. *See* Simpson v. Rowan, 73 F.3d 134, 138 (7th Cir. 1995). In Simpson, the court found abstention was proper, even though the state trial was over, because the plaintiff's appeal was still pending and involved related constitutional issues. The rationale for abstention is even more compelling here, where plaintiff has not yet even been tried. Plaintiff should, in the first instance, and to the extent appropriate, present his constitutional claims during his state criminal proceedings.

There is, however, one important distinction when the plaintiff seeks damages, rather than injunctive relief. The state court, by excluding evidence, ordering disclosures or dismissing charges, can provide ample equitable relief for constitutional violations. But state law may not provide for damages. Consequently, where the federal action seeks damages, we should merely stay our proceedings, rather than dismiss the claim. *See* Deakins v. Monaghan, 484 U.S. 193, 204 (1988); Simpson, 73 F.3d at 139. Plaintiff is free to

resume this case when the state proceedings have finished.

Lastly, we note that the complaint refers to other individual officers who are not named defendants. We are uncertain whether or not he is intending to advance any other claims.

For the reasons set forth above, we grant plaintiff's petition to proceed *in forma pauperis*, dismiss his claim against the police department, and stay his claim against the records clerk.

We will dismiss the claims against the records clerk in 60 days unless plaintiff prior to that date files a pleading indicating that he has claims that survive the state court proceeding or that that proceeding remains pending.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 14, 2000.