# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7632 | **DATE** | 9/21/2001 |
| **CASE TITLE** | Mark D. Pickell vs. Records Clerk etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for summary judgment is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | SEP 2 4 2001 | |
| | Notices mailed by judge's staff. | | date docketed | 19 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 SEP 21 PM 3:30 | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK D. PICKELL,           )
                           )
          Plaintiff,       )
                           )
     vs.                   )     No. 00 C 7632
                           )
RECORDS CLERK (UNKNOWN)    )
FOREST PARK POLICE DEPT.,  )
                           )
          Defendant.       )

DOCKETED
SEP 2 4 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff was arrested on a misdemeanor charge on October 10, 2000. At the time of the arrest two knives and one can of pepper spray were seized, inventoried, and placed in an evidence locker at the police station. On November 27, 2000, at 5:00 o'clock p.m., an unknown records clerk of the Forest Park Police Department refused to furnish to plaintiff the "paperwork" relating to his case, presumably the police report, or to return the knives and spray. The next day plaintiff's case was up in court. It was continued until January 23, 2001. At that time plaintiff was represented by a public defender appointed that day, who, according to plaintiff, handed to plaintiff the "paperwork" he had requested. After being fully admonished, plaintiff pled guilty. He was sentenced to 18 months supervision, restitution and social service evaluation.

In the meantime, on December 5, 2000, plaintiff sued the municipality, misnamed Forest Park Police Dept., and the unknown records clerk. We dismissed the claims against the municipality on December 14, 2000, and, given the pending criminal proceeding, stayed the claims against the unknown records clerk on abstention grounds. Plaintiff resumed his pursuit of those claims the day after his guilty plea. The unknown records clerk now moves

19

for summary judgment on various grounds, all of which are meritorious. Defendant's motion for summary judgment is granted.

The plaintiff can be complaining only about the clerk's failure to return the weapons and to give him a copy of the police report, because the clerk was not otherwise involved. Even if plaintiff was entitled to those items, a failure by the clerk to act upon an oral request as the office was closing for the day hardly rises to the level of a constitutional deprivation. And, plaintiff was not entitled. The weapons were inventoried evidence. The police report contained nothing exculpatory. There are established procedures for recovering items held as evidence and for obtaining discovery of police reports, which procedures comport with due process. An oral request to a records clerk is not one of the established procedures. Plaintiff did not follow those procedures available to him.

On January 23, 2001, plaintiff pled guilty. He was represented by counsel. He had a copy of the "paperwork," which gave him no support whatsoever. That "paperwork" specified the charge and the names of the witnesses. Any delay in furnishing the police report caused plaintiff no prejudice. But even if the police report contained exculpatory material that had been withheld from plaintiff (which was not the case here), and had contributed to plaintiff being found guilty, he still would not have been able to sue for Section 1983 damages until he had overturned the conviction. Heck v. Humphrey, 512 U.S. 477 (1994).

JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 21, 2001.